## Richmond.

Sands, Receiver, v. Roller.

November 11, 1915.

Absent, Keith, P.

1. Judgments—*Merger*.—If, on a note promising to pay a debt and also counsel fees and expenses, judgment is taken for the debt only, saying nothing as to counsel fees and expenses, the whole cause of action is merged in the judgment. The note has become *functus officio,* and no further action thereon can be maintained to recover such fees and expenses.

Error to a judgment of the Circuit Court of Rockingham county in a proceeding by motion for a judgment for money. Judgment for the defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*Ellis & Donaldson* and *Sipe & Harris,* for the plaintiff in error.

*John E. Roller,* for the defendant in error.

Harrison, J., delivered the opinion of the court.

It appears from the record that on the 16th of October, 1911, the United States Trust Company renewed a loan to John E. Roller of $34,000, which was evidenced by the negotiable note of himself and Lucy Roller, his wife. There was deposited as collateral security for the payment of this $34,000, four negotiable notes of John E. Roller and his wife, dated December 15, 1909, payable three years after date, aggregating $35,000, these

collateral notes being secured by deed of trust on certain lands in Rockingham county. On the same day the trust company renewed another loan to Roller of $2,302.63, evidenced by the negotiable note of himself and wife and secured by the deposit of certain collaterals.

The notes of Roller to the trust company provide as follows: ". . . and the undersigned further agrees that should any litigation ensue to holder with respect to the collection of the said note or the holding or sale of the said collateral security or any part thereof, the said holder shall be paid such reasonable expenses and counsel fees as it shall have paid to its attorney for the conduct of such litigation, which sum shall be also secured by said collateral security, and be payable on demand of the holder, in default of which payment said collateral security may be sold as is hereinbefore provided, and undersigned hereby promises to pay to said holder or holders any deficiency, resulting from the inadequacy of said collateral in this respect." A similar provision is contained in the deed of trust securing the payment of the collateral notes of $35,000.

The debt of the trust company not being paid, suit was brought thereon. The defendant, Roller, filed pleas setting up certain defenses, but subsequently withdrew the same, and thereupon, on October 11, 1912, judgment was entered for the plaintiff for the whole debt due, in the sum of $36,302.62, with interest on $34,000, part thereof, from the 16th day of October, 1911, and on $2,302.63, the residue thereof, from the same date, the latter sum, subject to the following credits: $1,222.43 as of September 19, 1912, and $173.44 as of September 30, 1912.

The present controversy arises from a suit brought in 1914, after the judgment was rendered, and since it was satisfied, to recover the fees and expenses incurred by the plaintiff in obtaining the judgment and certain alleged expenses incurred in enforcing its payment.

We are of opinion that when the judgment was obtained in October, 1912, it merged the entire contract upon which the

suit was brought, and the plaintiff could not afterwards maintain a suit for another recovery under that contract. The alleged fees and expenses were provided for in the contract which was reduced to judgment. "That cause of action can never again become the basis of a suit between the same parties. It has lost its vitality; it has expended its force and effect. All its power to sustain rights and enforce liabilities has terminated in the judgment. It is drowned in the judgment and must henceforth be regarded as *functus officio.*" This being so, when the judgment was rendered on the contract in this case, such contract and all rights under it ceased to exist and the judgment became the only and superior evidence of the defendant's liability. That contract having been merged in the judgment, and thereby become *functus officio,* it could not be revived and made the basis of another judgment thereon in this second suit. Freeman on Judgments (4th Ed.), vol. 1, sec. 215; *Beazley's Admr.* v. *Sim's Admr.,* 81 Va. 644, 648; *Eldred* v. *Bank,* 17 Wall. (U. S.) 545, 21 L. Ed. 685.

There is no error in the judgment complained of, and it is affirmed.

*Affirmed.*