J. Deaver **ALEXANDER**

v.

Helen K. **GROVES.**

Civ. A. No. 70-424-N.

United States District Court, D. Maryland.

July 24, 1972.

9. Exhibit 2.

Melvin J. Sykes, Baltimore, Md., and William B. Evans, Elkton, Md., for plaintiff.

Hyman Ginsberg, Baltimore, Md., and Leonard H. Lockhart, Elkton, Md., for defendant.

NORTHROP, Chief Judge.

This is, hopefully, the last round in what has been a marathon legal bout between Dr. Alexander and Mrs. Groves (formerly Mrs. Alexander). It is not necessary, nor is it useful, at this point to re-hash the history of the in-fighting of the parties, but suffice it to say that in an oral opinion rendered in this cause in September, 1970, this Court granted partial summary judgment upon plaintiff's motion therefor, making certain conclusions of the trial courts of Maryland, as affirmed by the Maryland Court of Appeals, the law of the case in this Court. Thereafter, in July of 1971, this Court, after hearing, granted plaintiff's motion for summary judgment *in toto*, adjudging plaintiff entitled to certain installment payments due him under a Separation Agreement existing between the parties. Furthermore, in view of the fact that the said agreement contained a provision calling for the payment of attorney's fees in the event that litigation became necessary to enforce the agreement, this Court awarded plaintiff the cost of reasonable attorney's fees, the amount of which was $55,000. Thereafter, the judgment of this Court was appealed to the Court of Appeals for the Fourth Circuit, which, after dispensing with oral argument on the part of the plaintiff-appellee, affirmed the judgment of this Court *per curiam*, both on the substantive issues and on the exercise of this Court's discretion in the allowance of attorney's fees. Now, the matter is once more before this Court on the petition of the successful plaintiff-appellee for the allowance of reasonable attorney's fees for services on appeal. The motion is opposed by the defendant primarily on jurisdictional grounds. The Court feels that, in order to resolve the question, three subordinate questions must be answered. First, does the contract make provision for the payment of attorney's fees for appellate services? Second, does this Court have jurisdiction at this point in time to award such fees? And, third, if the answer to the two preceding questions is yes, what is the amount reasonable under the circumstances?

## I.

### THE CONTRACT

The basis for this Court's original award of attorney's fees in this case was the contractual provision, paragraph 12 of the Agreement between the parties of October 5, 1967, which provides as follows:

In the event that either party or his or her respective estates shall institute legal proceedings to enforce any

of the terms and provisions of this agreement, or for the breach thereof, the unsuccessful party, or his or her estate, shall also reimburse the successful party, or his or her estate, for all reasonable expenses, plus counsel fees, necessarily incurred in connection therewith.

A surface reading of the contract would convince this Court that the defense of a favorable judgment obtained in the court below, when an appeal is entered as to such judgment, is certainly an "expense . . . *necessarily* incurred in connection" with the successful prosecution of an action under the agreement. For if the expenses of defending an appeal are not included within the contractual provision, then it must follow that the defense of a favorable judgment when the case is appealed is not a *necessary* expense of litigation. This conclusion is completely nonsensical, for if the party who prevailed below does not take the necessary step of defending his judgment on appeal, it is entirely possible that the losing party below might convince the appellate court to reverse erroneously the judgment rendered below, thus making all the proceedings concluded theretofore an exercise in futility. Consequently, it is the conclusion of this Court that the only reasonable construction of the contract provision in question is that it does authorize the recovery of expenses, including attorney's fees, incurred in successfully defending a judgment on appeal.

The law of the more recent and better-reasoned cases supports such a construction of the contract. It is true that in construing a contractual provision for the payment of attorney's fees, the law of the state governing the contract must be looked to by the federal courts. In re Pack-It, Inc., 158 F.Supp. 148 (D.N.J. 1958), citing Security Mortgage Co. v. Powers, 278 U.S. 149, 49 S.Ct. 84, 73 L. Ed. 236 (1928). The contract, by paragraph 18 thereof, is to be governed by the law of Pennsylvania. The Court has found no authority construing an analogous provision from the courts of Pennsylvania, but there is authority for the proposition that two contracting parties can agree in a contract for the payment of any *special expenses* incurred *in futuro* in necessary connection with the performance of the contract. Nick v. Craig, 301 Pa. 50, 56, 151 A. 573 (1930). Thus, the Court has made reference to the law of this forum, Maryland, for guidance on the question, and, likewise, has found none. There is, however, authority for the proposition that the parties to a contract are liable for the payment of attorney's fees incurred in connection with the enforcement thereof if the party to be bound has expressly or impliedly agreed to the payment thereof in the contract, and such agreement may be shown by a promise so general as one to pay "any other expenses." Lyon v. Hires, 91 Md. 411, 46 A. 985 (1900). Indeed, the opinion of the Court of Appeals in *Lyon*, delivered by Judge Page, is perfused with an easily detectable predisposition on the part of the Court to enforce a contractual provision for the payment of such expenses, and we think that the case supports this Court's construction of the instant provision.

The law in other jurisdictions clearly supports this Court's construction of the provision. *See, e.g.,* Cirimele v. Shinazy, 134 Cal.App.2d 50, 285 P.2d 311 (1955), and cases collected in the annotation thereto at 52 A.L.R.2d 864 *et seq.;* 17 Am.Jur.2d Contracts § 292, at 708. Consequently, the Court holds that the provision in the Alexander-Groves separation agreement relating to the payment of counsel fees embraces the award of counsel fees for services rendered in defending a judgment on appeal.

## II.

## JURISDICTION

■■ The defendant says that this Court is without jurisdiction to render an order awarding attorney's fees, inasmuch as the Fourth Circuit's affirmance of this Court's judgment, together with the fact that payment in satisfaction of

the judgment, including the $55,000, has been tendered to and accepted by the plaintiff, has terminated the cause in this Court and renders the Court impotent to deal with the case further. It is to be noted that the plaintiff has not executed an order of satisfaction in consequence of the tender of funds in satisfaction of the judgment, and he has refrained from so doing in order that he not be estopped to argue his petition for appellate counsel fees. Whether or not an order has been entered this Court deems an inconsequential fact, insofar as we have determined that the instant petition is a pleading in the nature of a supplemental bill, the filing of which, in proper circumstances, is countenanced by Fed.R.Civ.P. 15 and hence, the Court has jurisdiction to grant the relief prayed in the supplemental bill.

There is no authority directly on this point in any reported federal case, although the state cases which have considered the point seem, on the whole, to support a finding of jurisdiction in the trial court to award appellate attorney's fees according to a contractual provision after affirmance of the lower court judgment by the appellate court. *See, e.g.,* Bank of Hawaii v. Char, 43 Haw. 316 (1959), which, even though it does not, in terms, find jurisdiction in the trial court to make such award, makes the said finding *sub silentio* pursuant to its conclusion that the appellate court lacks jurisdiction to make the award in that there is no appellate "original jurisdiction" exercisable to take testimony, etc., on the point and to order payment. In order that the plaintiff not be without remedy, the *Char* case compels the conclusion that the trial court of original jurisdiction must have the power to make the award. *Cf.* Puget Sound Mutual Sav. Bank v. Lillions, 50 Wash.2d 799, 314 P.2d 935 (1957).

The Court is not unaware, of course, that the federal courts, trial and appellate, are courts of statutorily limited jurisdiction, and hence, must follow these statutes (and rules, of course) as interpreted by judicial decision. There is authority in this Circuit for treating the instant petition as a motion to file a supplemental pleading under Fed.R.Civ. p. 15, even though that authority is admittedly a bit superannuated. In Dixi-Cola Laboratories, Inc. v. Coca-Cola, 146 F.2d 43 (4th Cir. 1944), the Court of Appeals, Parker, C. J., and Soper and Dobie, JJ., held that the allowance of a supplemental bill in the District Court after appellate review for relief on facts developing after filing of the appeal was totally within the discretion of the District Judge, and that leave of the Appellate Court to file the bill need not be obtained. The only brake upon the District Judge's discretion was, of course, that he was not empowered to grant relief *inconsistent* with the judgment and opinion of the Court of Appeals. Certainly the relief sought in the instant case (1) arises from facts transpiring after the filing of the appeal, in that the attorney's fees sought are directly connected with the prosecution of the appeal, and (2) the action of this Court in allowing the filing of the supplemental bill, and in granting relief thereon, would certainly not be inconsistent with the action of the Court of Appeals, but would, rather, be in harmony therewith, inasmuch as that Court affirmed *per curiam* this Court's original exercise of discretion in awarding attorney's fees in connection with the prosecution of the case here below. Consequently, this Court concludes that *Dixi-Cola, supra,* is good authority for our affirmative finding on the issue of jurisdiction.

Of course, the practice in federal courts has changed markedly in the years since *Dixi-Cola* was decided, and it is true that that case involved a suit in equity. But it cannot be said that today, with the abolition of the old distinctions between law and equity procedure mandated by the letter and spirit of Rule 2, the rule in *Dixi-Cola* must be strictly restricted to supplemental bills in equity, especially in view of the presence of Rule 15 in the current Rules of Civil Procedure, which seems to us to

authorize, at least tacitly, the filing of a petition such as the instant one after determination of the appeal. Indeed, it is clear that Rule 15 has been interpreted to authorize Rule 15 filings in the District Court after determination of an appeal, absent, of course, inconsistency with the judgment of the appellate court. *See, e. g.*, Poindexter v. Louisiana Financial Assistance Comm., 296 F. Supp. 686, 688–89 (E.D.La.1968) (Wisdom, J.) (three-judge district court), in which a supplemental bill was allowed after affirmance by the Supreme Court; 6 Wright & Miller, Fed. Practice & Procedure, § 1509. It is true that the cases have involved what would traditionally be called equity matters, but the letter and intent of Rule 2 would seem to authorize, if not require, extension of the principle of these cases to a law matter in a proper case such as the one at bar. At any rate, the Court notes that the instant case bears many indicia of traditional equity jurisdiction, especially prominent among which is the fact that it involves a contract specifically enforceable, at least in part, and, more importantly, that it involves a contract calling for a continuing performance over a period of time. In such cases, equity jurisdiction has often attached, owing to the propensity of equity to assume jurisdiction over continuing covenants in order to prevent a multiplicity of actions on the contract. All things considered, in this case, it appears that we have already had a multiplicity of actions, and if the case was not a suit in equity before, perhaps it is high time that it be one now. At any rate, the point is that the case here, although very technically one at law, bears a strong flavour of equity, strong enough to permit this Court to allow the supplemental bill under the authority of *Dixi-Cola, supra,* and of Fed.R.Civ.P. 2 and 15.

The Court has no doubt about the exercise of its discretion in the instant matter. Suffice it to say that it would be pointless to waste more time and effort to send this case back to the Court of Appeals for the determination of the amount of attorney's fees now; it would have been quite impossible for this Court to have awarded appellate attorney's fees before the resolution of the appeal; and it is doubtful whether or not the Court of Appeals would have exercised some sort of "original jurisdiction" to determine the fee had the plaintiff petitioned that Court rather than this one. What probably would have happened is that we would wind up doing exactly what we are doing now, because the Court of Appeals probably would have, rather than simply affirming, affirmed and sent the case back here for a determination of the amount of reasonable attorney's fees in connection with the appeal.

In addition to the other reasons set out herein for exercising jurisdiction in this matter, the Court has not overlooked Rule 1 of the Federal Rules (in both its literal and its colloquial meanings). Rule 1 provides that Federal practice shall further the objectives of a just, speedy and inexpensive determination of every action. If there is no end put to this litigation at some point, the parties could go on feeing themselves to death from here to Richmond and back, from now until the cows come home, which would hardly result in putting this litigation to rest in a speedy and inexpensive fashion. The Court has had nightmare visions of perpetual fee petitions arising from further appeals and orders relating not to the parties' disputes, but, rather, to the compensation of attorneys. This has got to end somewhere, and it should end here and now. For all the foregoing reasons, the Court concludes that it has jurisdiction in the matter, and the petition of plaintiff is allowed.

## III.

### AMOUNT

All that remains is for this Court to determine the amount of reasonable fees

to which it thinks, in its discretion, plaintiff is entitled. Having heard and considered evidence and argument on the matter, and in view of the relative lack of complexity of the issues dealt with on appeal and the fact that plaintiff's oral argument in Richmond was excused, the Court allows fees in the amount of two thousand five hundred dollars ($2,500.-00), judgment to be entered therefor upon appropriate order to be submitted by counsel.