**REPUBLIC INSURANCE COMPANY, Plaintiff,**

v.

**D. Cecil CULBERTSON** [1]**, Nancy F. Culbertson, Samuel Glick, Marjorie Glick, Defendants.**

**Civ. A. No. 89–0047–A.**

United States District Court, E.D. Virginia, Alexandria Division.

June 13, 1989.

---

1. The Complaint is styled "Cecil D. Culbertson," but the defendant's name is D. Cecil Culbertson.

John J. Sabourin, Jr., Thomas R. Folk, B. Lee Willis, Alexandria, Va., for plaintiff.

R.E. Dixon, Mark E. Sharp, James R. Hart, Fairfax, Va., for Cecil D. Culbertson and Nancy F. Culbertson.

Daniel K. Moller, Reston, Va., for Samuel Glick and Marjorie Glick.

## MEMORANDUM OPINION

CACHERIS, District Judge.

This matter is before the court on the plaintiff's Motion for Summary Judgment and the Defendants Culbertsons' Motion for Judgment on the Pleadings. The plaintiff, Republic Insurance Company ("Republic"), instituted this suit to recover $24,-864.37 in legal fees and expenses based on an Indemnity Agreement with the defendants, Cecil and Nancy Culbertson and Samuel and Marjorie Glick. Republic incurred the fees and expenses after a final judgment was entered in a state court action in favor of Republic for recovery of an indemnity award under the Indemnity Agreement. For reasons set forth below, the plaintiff's Motion for Summary Judgment is granted as to liability, and the Defendants Culbertson's Motion for Judgment on the Pleadings is denied.

### I. FACTS.

The material facts are undisputed. On February 5, 1980 the defendants executed an Indemnity Agreement in favor of Republic. Pursuant to the Indemnity Agreement, Republic provided two bonds which guaranteed the performance of contracts which related to a subdivision in Fairfax County, Virginia known as Sugar Creek, Section No. 1. In June, 1985 the Fairfax County Board of Supervisors ("Fairfax County") sued Republic on the Indemnity Agreement bonds. Fairfax County brought the suit, Law No. 69951, in Fairfax County Circuit Court. After notice to the defendants, Republic settled with Fairfax County.

Republic also filed cross-claims and third-party claims against the defendants in Law No. 69951, to recover amounts due from the defendants under the Indemnity Agree-

ment. On December 8, 1987 the Fairfax County Circuit Court entered a Final Judgment Order in Law No. 69951 in favor of Republic and against the defendants in the amount of $110,898.11 with interest. The Judgment included attorneys' fees incurred at the time of the suit.

The defendants filed notices of appeal in the Fairfax County Circuit Court, the Culbertsons on December 16, 1987 and the Glicks on December 24, 1987. None of the defendants filed supersedeas bonds. The Culbertsons subsequently filed a petition for appeal in the Supreme Court of Virginia. On December 14, 1988 the Virginia Supreme Court refused the petition.

Republic seeks to recover the $24,864.37 in attorneys' fees and expenses which it allegedly incurred in opposing the defendants' appeal efforts in Law No. 69951 and in its post-judgment collection efforts in the case at bar.[2] These fees and expenses were not included in the Final Judgment Order in Law No. 69951 because the plaintiff had not yet incurred most of the fees and expenses.

A number of provisions in the Indemnity Agreement concern attorneys' fees and expenses. Paragraph 2 of the Indemnity Agreement provides that the defendants will

> indemnify the Company [Republic] from and against any and all liability, loss, costs, damages, attorney's fees and expenses of whatever kind or nature which the Company [Republic] may sustain or incur by reason or in consequence of executing any such bond or bonds as surety or co-surety or procuring, upon its full indemnity, the execution thereof as aforesaid....

Other pertinent provisions in the Indemnity Agreement are as follows:

> 6. That liability hereunder shall extend to and include the full amount of ... any and all disbursements on account

of costs, attorneys' fees and expenses as aforesaid, which may be made under the belief that such were necessary, whether necessary or not.

> 7. That in the event of payment, settlement or compromise of liability, loss, costs, damages, attorneys' fees, expenses, claims, demands, suits and judgment as aforesaid in connection with any such bond or bonds, an itemized statement thereof, sworn to by an officer or officers of the surety or sureties making such payment, settlement or compromise, or the voucher or vouchers, or other evidence of such payment, settlement or compromise, shall be *prima facie*, evidence of the fact and extent of the liability of the indemnitors in any and all claims or suits hereunder.
>
> ....
>
> 9. That if the surety or sureties executing any such bond or bonds shall bring suit, action or proceeding to enforce any of the covenants or agreements herein contained, the cost, charges and expenses, including attorneys and counsel fees incurred by such surety or sureties in prosecuting such suit, action or proceeding shall be included in any judgment or decree that may be rendered against the indemnitors therein.
>
> ....
>
> 13. That separate suits may be brought hereunder as causes of action accrue, and suit may be brought against all of the indemnitors or any one or more of them; and the bringing of suit or suits upon one or more causes of action, or against one or more of the indemnitors, shall not prejudice or bar the bringing of subsequent suits against all of the indemnitors, or any one or more of them on any other cause or causes of action, whether theretofore or thereafter accruing.

---

**2.** Republic incurred the attorneys' fees and expenses in (1) preparing for and attending two post-judgment hearings regarding the transcript and the amount of a supersedeas bond; (2) obtaining a full transcript; (3) preparing a brief in opposition to the defendants' petition for appeal; (4) recording judgments; (5) obtaining and executing writs of fieri facias; (6) conducting debtors' interrogatories; (7) preparing for and attending a motion for a protective order; and (8) prosecuting the present lawsuit.

## II. DISCUSSION.

Summary judgment " 'should be granted only where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law.' " *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir.1979) (citation omitted). Furthermore,

[t]he burden is on the moving party to 'show' that there 'is no genuine issue as to any material fact' and that he 'is entitled to judgment as a matter of law.' In determining whether this showing has been made, we must assess the evidence as forecast in documentary materials before the court in the light most favorable to the party opposing the motion.

*Id.* (citations omitted).

Moreover, a non-moving party bearing the ultimate burden of persuasion at trial must bring forward specific facts as to every essential element challenged by the moving party in order to avoid summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

█ A Rule 12(c) motion for judgment on the pleadings is appropriate when all material allegations of fact are admitted in the pleadings and only questions of law remain. 5 C. Wright & A. Miller, Federal Practice & Procedure § 1367, at 685 (1969); *see King v. Gemini Food Servs., Inc.*, 438 F.Supp. 964, 966 (E.D.Va.1976) (judgment on pleadings appropriate when viewed in light most favorable to nonmovant, no issue of material fact and case can be decided as matter of law), *aff'd on other grounds*, 562 F.2d 297 (4th Cir.1977), *cert. denied*, 434 U.S. 1065, 98 S.Ct. 1242, 55 L.Ed.2d 766 (1978).

**3.** For the purposes of this Opinion, no distinction is made between the doctrines of *res judicata* and merger.

**4.** The defendants read *Sands* to include a request for attorneys' fees incurred for judgment enforcement. Brief in Support of Defendants Culbertsons' Motion for Judgment on the Pleadings and in Opposition to Republic's Motion for Summary Judgment at 3. It is not clear whether the suit included a claim for enforcement fees. *See Sands,* 118 Va. at 192, 86 S.E. at 858

The issues in this case are as follows: (1) whether the defenses of *res judicata* or merger bar a plaintiff from bringing an action for attorneys' fees and expenses incurred after judgment is entered in the underlying suit, whether such defenses may be waived, and whether the Indemnity Agreement provides for waiver of those defenses;[3] and (2) whether, despite a waiver of *res judicata* and merger, a party may be barred from recovering attorneys' fees for appellate work when a contract contains a broad provision for attorneys' fees.

### A. Res judicata, merger, and waiver.

In *Sands v. Roller*, 118 Va. 191, 86 S.E. 857 (1915), the Virginia Supreme Court held that the doctrine of merger bars a suit for attorneys' fees and expenses incurred in obtaining and enforcing a judgment. *Sands,* 118 Va. at 192–93, 86 S.E. at 858; *accord Citizens Bank of Windsor v. Landers,* 570 S.W.2d 756, 764 (Mo.Ct.App. 1978); Annotation, *Contractual provision for attorneys' fees as including allowance for services rendered upon appellate review,* 52 A.L.R.2d 863, 871 (1957); *but see* 8B Michie's Jurisprudence, *Former Adjudication or Res Judicata* § 49, at 211 (1977) (*res judicata* only bars claim that could have been brought in prior action).

The *Sands* case is similar to the case here. In *Sands,* the plaintiff first sued the defendant to recover for a default on a note which provided for attorneys' fees. The plaintiff then brought a second suit for fees and expenses incurred in obtaining and enforcing the judgment. The Court barred the plaintiff from recovery even though the plaintiff had not yet incurred the enforcement expenses at the time of the first suit.[4] *See Sands,* 118 Va. at 192–93, 86 S.E. at 858.

(suit brought "to recover the fees and expenses incurred by the plaintiff in obtaining the judgment and certain alleged expenses incurred in enforcing its payment."). Regardless of whether enforcement fees were at issue in *Sands,* the case is important for its application of the merger doctrine to enforcement expenses not yet realized at the time of the first suit.

Republic argues that the merger defense is inapplicable to this case because this case involves a new cause of action, separate from the cause of action in Law No. 69951. Such a conclusion, however, does not comport with *Sands*. In holding that merger barred the second suit for enforcement expenses, the *Sands* Court implicitly concluded that a suit on an underlying contract and a suit for enforcement expenses constitute one cause of action, even though the expenses were not incurred at the time of the first suit. The *Sands* Court necessarily had to have drawn this conclusion because the merger doctrine bars the splitting of a single cause of action and does not bar the filing of a new, separate cause of action. *See Gary Steel Prod. Corp. v. Kitchin*, 197 Va. 471, 474, 90 S.E.2d 120, 122 (1955) (split cause of action prohibited). The *Sands* Court could not have applied the merger doctrine if it had concluded that the second suit for enforcement expenses constituted a new cause of action.

■ The ruling in *Sands* is consistent with more recent cases which expressly set forth the elements of a cause of action. The essential elements of a cause of action are a legal obligation, a breach, and consequential damage. A cause of action does not accrue until an injury occurs. *Caudill v. Wise Rambler, Inc.*, 210 Va. 11, 13, 168 S.E.2d 257, 259 (1969). Based on this definition, alone, it appears that an action for post-judgment fees and expenses is a cause of action separate from an action for attorneys' fees incurred prior to judgment. In certain situations, however, a new injury does not trigger a new cause of action.

Cases concerning statutes of limitations add a gloss to the general rule that a cause of action does not accrue until an injury occurs. In a case construing the statute of limitations for a personal injury action, the Fourth Circuit held that in a personal injury case, only a single cause of action arises, regardless of whether some damage is apparent only after the initial injury occurs. *Joyce v. A.C. & S., Inc.*, 785 F.2d 1200, 1203, 1204 (4th Cir.1986). Multiple rights of action may arise only in actions which include personal injury and property damage caused by one transaction. A single cause of action arises in all other actions, such as the action in this case. *See id.* at 1204 n. 6 (exception to single cause of action rule permits separate rights of action for personal injury and property damage). Thus, although a cause of action can only accrue when a party is injured, if a party is injured twice from the same breach, no new cause of action accrues from the second injury.

■ The case here can be explained to include only one cause of action, in keeping with *Sands, Caudill,* and *Joyce*. In this case there was one breach: the defendants' failure to indemnify Republic pursuant to the Indemnity Agreement. The first injury—damages under the Indemnity Agreement—occurred at the time of the first lawsuit and hence, the cause of action accrued at the time of the first injury. The second injury—post-judgment fees and expenses—occurred after judgment but does not constitute a new cause of action. Because there is only one cause of action in this case, Republic may recover post-judgment fees and expenses only by waiver of the *res judicata* and merger doctrines.

Under Virginia law, a defendant may waive the benefits of *res judicata* and merger. *See Gary Steel*, 197 Va. at 474, 90 S.E.2d at 122–23 (single cause of action may not be split absent waiver). *Sands* does not discuss whether the note at issue in the case contained a waiver of the merger defense, and this court cannot presume that the Court ruled on the issue.

■ The language of the Indemnity Agreement controls here. Paragraph 13 states that "separate suits may be brought" under the Indemnity Agreement, and that the bringing of a suit on "one or more causes of action" ... "shall not prejudice or bar the bringing of subsequent suits ... *on any other cause or causes of action, whether theretofore or thereafter accruing.*" (emphasis added). This language demonstrates that the defendants waived the benefits of *res judicata* and merger: Republic may bring a second suit based on a cause of action which has accrued at the time of the first suit. Repub-

lic may bring this suit for attorneys' fees even though it is part of the cause of action in Law No. 69951.

## B. *Provision for appellate fees.*

Despite the defendants' waiver of *res judicata* and merger, Republic must overcome a separate bar to appellate fees. It is undisputed that the Indemnity Agreement expressly provides for attorneys' fees. The question here is whether Republic is barred from recovering attorneys' fees for appellate work when the Indemnity Agreement includes only broad provisions for attorneys' fees. The parties cite no Virginia cases which deal with this issue and the court is aware of no Virginia cases on point.[5] Therefore, the court relies on law from other jurisdictions to decide this issue.

The defendants set forth the general rule that an appellee who resists an unsuccessful appeal may not recover attorneys' fees for that appeal on an appeal or supersedeas bond, in the absence of an express provision in the bond for such fees. *See* 5 Am.Jur.2d *Appeal & Error* § 1057, at 472 (1962).[6] The jurisdictions are in conflict with regard to whether an express contractual provision for attorneys' fees includes fees for appellate work. The majority of the courts, however, award appellate fees based on the rule that the contract controls and that appellate fees are covered by the contract. 17 Am.Jur.2d *Contracts* § 292, at 708 (1964).[7]

Courts chose to rely on those cases which award fees for appellate work, in part, because such cases were more recently decided than cases that reached opposite holdings, and because such cases were "better reasoned" than their counterparts. *See Alexander v. Groves*, 345 F.Supp. 848, 850 (D.Md.1972); *Vaughn v. Vaughn*, 91 Idaho 544, 548, 428 P.2d 50, 54 (1967). In the absence of Virginia law to the contrary, and based on the rationale in *Alexander* and *Vaughn*, this court concludes that broad provisions concerning attorneys' fees may be interpreted to include fees for appellate work.

The sweeping language in the Indemnity Agreement indicates that the defendants are liable for all attorneys' fees incurred by Republic, including appellate fees. Paragraph 2 of the Agreement states that the defendants will "indemnify the Company from and against *any and all* liability, loss, costs, damages, *attorneys' fees* and expenses of *whatever kind or nature* which the Company may sustain or incur...." (emphasis added). Paragraph 6, likewise, states that liability is extended to *"any and all* disbursements on account of costs, *attorneys' fees* and expenses aforesaid, which may be made under the belief that such were necessary, whether necessary or not." (emphasis added). Provision for "any and all" attorneys' fees and other broad language indicates that the Indemnity Agreement covers the spectrum of attorneys' fees incurred by Republic.

The defendants rely on ¶ 9 of the Indemnity Agreement to limit the language in ¶¶ 2 and 6. Paragraph 9 provides that

---

**5.** Although the parties and the court have found no Virginia cases which deal with the issues here, it is not unheard of in Virginia to award fees for appellate work. *See Holley v. The Manfred Stansfield*, 186 F.Supp. 805, 810, 812 (E.D.Va.1960) (appellate fees awarded to indemnitee for litigation in wrongful death action).

**6.** The problem with this rule is that it is vague because it fails to define the terms of an express contractual provision. Similarly, the cases cited by the parties and in American Jurisprudence for this proposition fail to set forth examples of express contractual provisions for appellate fees. The cases cited for the general rule include contracts bereft of any express provision for attorneys' fees, unlike the contract here which does expressly provide for attorneys' fees.

*See Smith v. Smith*, 100 So.2d 391, 392 (Fla. 1958); *Hardwick Trust Co. v. Dodge*, 117 Vt. 73, 74, 84 A.2d 583, 584 (1951); *Williams v. Fidelity & Deposit Co.*, 42 Colo. 118, 120, 93 P. 1119, 1120 (1908).

**7.** *See, e.g., Alexander v. Groves*, 345 F.Supp. 848, 850 (D.Md.1972) (Pennsylvania: yes appellate fees); *Vaughn v. Vaughn*, 91 Idaho 544, 548, 428 P.2d 50, 54 (1967) (Idaho: yes appellate fees); *Cirimele v. Shinazy*, 134 Cal.App.2d 50, 52, 285 P.2d 311, 312 (1955) (California: yes appellate fees); *McMillan v. Golden*, 262 Or. 317, 318 n. 1, 321–22, 497 P.2d 1166, 1167 n. 1, 1168–69 (1972) (en banc) (Oregon: no appellate fees); *Franklin v. Fischer*, 34 Wash.2d 342, 349–50, 208 P.2d 902, 905, 906 (1949) (Washington: no appellate fees).

if the surety or sureties executing any such bond or bonds shall bring suit, action or proceeding to enforce *any of the covenants or agreements herein contained,* the cost, charges and expenses, including attorneys and counsel fees incurred by such surety or sureties in prosecuting such suit, action or proceeding shall be included in any *judgment or decree* that may be rendered against the indemnitors *therein.*

(emphasis added).

The defendants read this paragraph narrowly to mean that Republic's recovery of fees is limited to fees included in the judgment in Law No. 69951.[8] In light of the language in ¶¶ 2 and 6, however, ¶ 9 should be interpreted broadly to cover attorneys' fees included in the judgment in Law No. 69951 and in this court's judgment. The language in ¶ 9 requires such an interpretation. Paragraph 9 refers to the enforcement of "any of the covenants or agreements herein contained" and permits fees for such enforcement to be included in the judgment, "therein." The plaintiff filed the present suit to enforce covenants for attorneys' fees in the Indemnity Agreement. Therefore, the plaintiff may recover any fees included in this court's judgment.

### III. CONCLUSION.

The court holds that the Indemnity Agreement includes a waiver of the *res judicata* and merger defenses and provides for attorneys' fees rendered for appellate services. Accordingly, the plaintiff's Motion for Summary Judgment is granted on the issue of liability for attorneys' fees and expenses. The Defendants Culbertson's Motion for Judgment on the Pleadings is denied. The parties should continue to conduct discovery on the issue of the reason-

ableness of the requested attorneys' fees and expenses.[9]

---

8. At least one court, faced with language similar to that in ¶ 9, has awarded appellate fees. *See Alexander,* 345 F.Supp. at 849–50; *but see McMillan,* 262 Or. at 318 n. 1, 321–22, 497 P.2d at 1167 n. 1, 1168; *Franklin,* 34 Wash.2d at 349–50, 208 P.2d at 905. The contract language in these cases is not identical to the language in the Indemnity Agreement. Although these cases

may be distinguished from the case here, they are still instructive.

9. At oral argument, the Glicks' counsel contended that because his clients only filed a notice of appeal, their liability, if any, should be limited. The court can address this issue when it rules on the petition for attorneys' fees and expenses.