# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

R. F. J. HAMILTON V. HARRY B. GOODRIDGE.

March.14, 1935.

Present, All the Justices.

The opinion states the case.

*Charles S. Grant,* for the plaintiff in error.

*Alfred Anderson,* for the defendant in error.

HUDGINS, J., delivered the opinion of the court.

On March 6, 1926, plaintiff agreed in writing to purchase from defendant two lots near Cape Henry, in Princess Anne county, for the sum of $7,500, $500 to be paid cash and balance in installments, evidenced by notes. Plaintiff paid $4,500 of the purchase price and refused to make further payments. In December, 1932, Harry B. Goodridge instituted in the Circuit Court for the city of Norfolk an action by notice of motion against plaintiff to recover $500, a part of the purchase price, evidenced by a note due August 9, 1929. To this action plaintiff filed two pleas, one of recoupment under the provisions of Code section 6145, alleging breach of the contract, and praying judgment over

against plaintiff in the notice of motion in the sum of $4,500.

Harry B. Goodridge, vendor, and plaintiff in that action, moved the court to strike out defendant's plea of recoupment. On the hearing, the court sustained the motion and entered judgment on the note against the then defendant. The order of the court, in part, reads as follows: "This day came again as well the plaintiff, by his attorneys, Anderson and Bishop, and the defendant, by his attorney, Walter Sibert, and thereupon said defendant, by his attorney and with leave of court, filed herein his counter affidavit; and thereupon said plaintiff moved the court to strike out said defendant's plea of set-off and counterclaim heretofore filed herein, which motion having been fully heard and maturely considered by the court is sustained and said plea of set-off and counterclaim is stricken out; and thereupon said plaintiff moved the court to strike out said defendant's statement of his grounds of defense heretofore filed herein, which motion having been fully heard and maturely considered by the court is sustained and said statement of his grounds of defense is stricken out."

After this judgment became final, R. F. J. Hamilton, vendee, instituted this action *in assumpsit* against Harry B. Goodridge, the vendor. The common counts in the declaration are not enlarged. Each avers that Goodridge is indebted to Hamilton in the sum of $10,000. The bill of particulars, subsequently filed, sets forth (1) the same contract of sale referred to in the former action, (2) payment by Hamilton of $4,500 on the purchase price, (3) misrepresentation of the property at the time sale was made, (4) discovery of the misrepresentation after judgment was entered against the vendee, and (5) destruction of a part of the property by erosion before the date of sale and total destruction since that date.

To this declaration, the defendant, Harry B. Goodridge, plead the former judgment, and with his plea filed copies of the pleadings and judgment in the former case. Plaintiff's motion to reject the plea was overruled and the case

dismissed at his costs. From the order of dismissal this writ of error was awarded.

When plaintiff was served with process in the former action, one of three courses of procedure was available to him, (1) to file a bill in equity, praying for a rescission of the contract and return of the purchase money paid, (2) to institute a separate action at law alleging failure in consideration of the contract, fraud in its procurement, breach of the contract, and damages in excess of plaintiff's demand, or (3) to file in the action then pending a plea under Code, section 6145, setting up any legal and equitable defenses which he had, the amount of his damage, and asking for judgment over against plaintiff.

He elected to proceed under Code, section 6145, and filed two pleas. The first plea denied that the defendant was indebted in any sum to the plaintiff in the former action, and alleged that the note described in the notice of motion was given without consideration, and that the consideration failed. The second plea alleged that the note sued upon was given as part of the purchase price of the lots, that he had paid $4,500 on the purchase, that plaintiff had failed to execute a deed in accordance with the contract, that by reason of the failure he had suffered great loss, and concluded thus: "Wherefore the said defendant asks that he may be allowed to file his counterclaim, and set-off and asks a judgment be given him against the said plaintiff in the sum of forty-five hundred dollars and interest on the said payments from the dates made by the said defendant until paid. And that the plaintiff take nothing from the defendant. And this the said defendant is ready to verify."

Code, section 6149, provides: "A defendant who files a plea or account under this chapter, shall be deemed to have brought an action, at the time of filing such plea or account, against the plaintiff, * * * for the matters mentioned in such plea or account, and the plaintiff shall not, after the plea or account is filed, dismiss his case, without the defendant's consent, * * *."

The vendee, for all practical purposes, must be regarded

as having instituted an action against the vendor to recover the entire sum of money paid as a part of the purchase price of the lots. After judgment was pronounced against him, he signified his intention to apply for a writ of error, and on his motion the judgment was suspended for sixty days. He did not perfect his petition for a writ and the judgment of the trial court in that action became final.

Issue was never joined on the special plea of recoupment, as it was rejected by the Circuit Court for the city of Norfolk. That court also rejected the grounds of defense. This left only the plea of the general issue. Just how that issue was disposed of is uncertain, for after striking out the special plea and grounds of defense, the court, in its order, said: "And it appearing to the court that the question in controversy is solely a matter of law the court now proceeds to hear and determine the whole matter of law and fact. Whereupon it appearing to the court that the pleadings allege that the instrument sued upon in the hands of the plaintiff has been duly listed for taxation as required by law, it is considered by the court that said plaintiff recover of said defendant the sum of five hundred ($500) dollars."

A plea of the general issue raises a question to be tried by a jury, unless waived. At common law, in an action on an unsealed contract, the defendant under the general issue could prove failure of consideration of the contract, fraud in its procurement, and the like, but he could not recover over against the plaintiff judgment in excess of plaintiff's demand. See *Columbia A. Ass'n* v. *Rockey,* 93 Va. 678, 685, 25 S. E. 1009, 1010; Burks' Pleading and Practice (3d Ed.) 409.

"The object of the act of 1831 (now Code section 6145) was to remedy these defects, and to enable a defendant both to make such defenses to a suit at law on specialties, and also to recover against the plaintiff any excess of damages he may have sustained, in order to settle in one suit all the rights of the parties arising under the contract, and to prevent circuity of action and a multiplicity of suits." *Columbia A. Ass'n* v. *Rockey, supra.*

In the absence of proof by defendant in this action showing that issue was joined on the plea in the former trial, and the peculiar wording of the order, we assume that plaintiff, after the court had rejected his plea and grounds of defense, abandoned all defense. If, in fact, he had attempted to support his plea by the introduction of evidence tending to show failure of consideration, and the judgment of the court was adverse to him on the issue thus raised, it would seem that such a judgment would be binding upon him in any subsequent action or suit on that issue of fact. In other words, a litigant is not permitted, either in law or in equity, to split his cause of action. See *Huff* v. *Broyles*, 26 Gratt. (67 Va.) 283; Burks' Pleading and Practice (3d Ed.) page 408. However, as this point is not necessary to the decision of the case, we do not pass upon it.

Plaintiff having proceeded under the statute, his rights are controlled by the statute. Prior to the 1919 Code revision, the statute (section 3300, Code of 1887) provided that if the plea was rejected because not offered in time, a defendant was permitted to proceed in equity; but it is to be noted that his right to proceed in equity was limited to the one ground of rejection. The present statute, 6146, omits the words, "for not being offered in due time," and reads, in part, as follows: "If a defendant, entitled to such plea as is mentioned in the preceding section, shall not tender it, or though he tender it, if it be rejected, he shall not be precluded from such relief in equity as he would have been entitled to if the preceding section had not been enacted."

The revisors in their note, in explanation of the omission said: "The words, 'for not being offered in due time,' formerly appearing after 'rejected' in line three of the text, have been omitted. No reason was seen for this restriction, and it was thought that the defendant should be allowed the relief in equity if the plea was tendered and rejected for any cause."

It follows, therefore, that the plea authorized by statute having been rejected, plaintiff is precluded from instituting a separate action for the same claim on the law

side, but, under the express terms of the statute, he is not precluded from pursuing his equitable relief in chancery.

The litigants did not attempt to analyze the statute; indeed, the briefs contain no reference thereto. During the argument it was suggested that plaintiff had brought his case on the wrong side of the court and that under Code, section 6084, he was entitled to have it transferred to the equity forum. He ignored this suggestion and insisted that the trial court was wrong in dismissing his law action. In *French* v. *Stange Mining Co.*, 133 Va. 602, 114 S. E. 121, it was held that this section was enacted for the benefit of plaintiffs and might be waived. In *Geo. H. Rucker & Co.* v. *Glennan*, 130 Va. 511, 107 S. E. 725, it was said that the transfer of a cause from one forum to another was a question of procedure, and where the provision of the statute had been called to the attention of the plaintiff and he declined to amend his pleadings, it was not reversible error to dismiss, but the dismissal should be without prejudice.

In order to preserve such rights, if any, as plaintiff may have, we will amend the order to show that the case is dismissed without prejudice to the right of plaintiff to institute a suit in equity, if he is so advised. Thus modified, the order will be affirmed.

*Affirmed.*