## Richmond

### GARY STEEL PRODUCTS CORPORATION v. J. F. KITCHIN, TRADING AS NORFOLK CONTRACTING COMPANY.

November 28, 1955.

Record No. 4415.

Present, All the Justices.

The opinion states the case.

*Rixey & Rixey,* for the plaintiff in error.

*Gordon E. Campbell* and *George H. Gray,* for the defendant in error.

SMITH, J., delivered the opinion of the court.

This is an appeal by Gary Steel Products Corporation, herein referred to as Gary, from an order of the trial court dismissing its motion for judgment against J. F. Kitchin, trading as Norfolk Contracting Company, herein referred to as Kitchin. In its order the trial court held that Gary was precluded from prosecuting the claim asserted in its motion for judgment on the ground that Gary had "attempted to split its cause of action." The correctness of this action of the trial court is the sole issue presented for our determination. The facts are not disputed.

In December, 1949, Monsanto Chemical Corporation, herein referred to as Monsanto, entered into a contract with Gary in which Gary agreed to manufacture and install a steel smokestack on a boiler of Monsanto at its plant located on Cottage Toll Road in the city and county of Norfolk. Gary did not possess the necessary equipment with which to erect the smokestack and thereafter it entered into a contract with Kitchin, under which Kitchin agreed to erect the smokestack. It was further agreed that if in the course of erection there should be any failure on the part of the smokestack, the liability for the resulting damages should be upon Gary, and if there should be any failure on the part of the crane or in its operation, the liability for the resulting damages should be upon Kitchin.

On June 22, 1950, while Kitchin was engaged in the erection of the smokestack the boom of the crane collapsed causing a section of the smokestack then being lifted to fall into Monsanto's boiler house, resulting in great damage to the property of Gary as well as to the property of Monsanto.

On February 28, 1951, Gary instituted this action in the Circuit Court of Norfolk County against Kitchin to recover damages in the sum of $3,506.49, the cost incident to rebuilding its smokestack, which Gary claims it suffered as a result of Kitchin's failure properly to perform his contract. In his answer Kitchin denied liability and filed a counterclaim against Gary for the use of his crane in the erection of the smokestack.

Subsequently, on April 6, 1951, Monsanto sued Gary in the Cir-

cuit Court of the City of Norfolk for damages to its building caused by the falling of the smokestack. Gary gave Kitchin notice of this action; informed him that he would be expected to pay any judgment entered against it, and offered to turn over to him the defense of the case. Upon Kitchin's refusal to defend the case, Gary's insurer, General Accident Fire and Life Assurance Corporation, Limited, herein referred to as General Accident, defended the action, which resulted in a verdict and judgment in favor of Monsanto against Gary for $11,611.02. General Accident paid this judgment on October 8, 1951.

On January 19, 1952, an action was brought in the name of Gary, by and for the benefit of General Accident, against Kitchin for reimbursement of the amount of the judgment paid Monsanto by General Accident. As in the action instituted by Gary on February 18, 1951, Kitchin denied liability and again filed a counterclaim against Gary for the rental of his crane. This action resulted in a verdict and judgment against Kitchin for $11,611.02, and verdict and judgment against Gary for $640 on Kitchin's counterclaim. Kitchin appealed and on September 8, 1954 we affirmed. *Kitchin v. Gary*, 196 Va. 259, 83 S. E. (2d) 348. In the mandate of this court it was ordered that Gary recover from Kitchin "for the benefit and sole property" of General Accident.

Thereafter, on October 6, 1954, Kitchin filed a motion to dismiss both the action now before us and his counterclaim therein. The basis of this motion was that Gary had recovered a judgment in *Kitchin v. Gary* on the same cause of action alleged in this case and that in the previous case he had secured a judgment against Gary on the same cause of action alleged in his counterclaim. Gary then filed a motion to dismiss the counterclaim and to strike out the part of Kitchin's grounds of defense that denied liability. After hearing arguments of counsel the trial court in its order dated December 1, 1954, held that the case of *Kitchin v. Gary* was res judicata both as to Kitchin's counterclaim and as to the issue of liability on the merits of the case, to which holding of the court both parties assented. The court further held that the claim asserted by Gary was an attempt to split its cause of action and therefore dismissed its motion for judgment, to which action of the court Gary excepted and we granted an appeal.

Notwithstanding the fact that the instant case was pending at the time of the institution of *Kitchin v. Gary*, at no time prior to judg-

ment in the latter case did Kitchin claim that the two cases were based upon a single cause of action.

Gary contends that it has neither split nor attempted to split its cause of action; that as a result of the collapse of the boom of Kitchin's crane there arose two separate causes of action against Kitchin, one for damages suffered by it and the second for damages suffered by Monsanto. Kitchin, on the other hand, contends that Gary had attempted to split its cause of action on the grounds that the present action and the case of *Kitchin* v. *Gary* arose out of the same contract, the existence of which he denied in both actions, the same evidence proves liability in both cases, and subrogation does not create two causes of action where without subrogation there would only be one. Hence, the question presented is whether Gary's present claim constitutes a separate and distinct cause of action from that asserted in *Kitchin* v. *Gary*. In view of our conclusions on this question it will not be necessary to discuss the issue raised in the briefs as to the effect of General Accident's right of subrogation by reason of its having paid the judgment recovered by Monsanto against Gary.

■ The courts generally hold that a single or entire cause of action may not be divided or split so as to make it the subject of several actions, without the express or implied consent of the person against whom the cause of action exists. If an action is brought for a part of a cause of action, a judgment obtained in that proceeding precludes the plaintiff from recovering a second judgment for the residue of that cause of action. *Carter* v. *Hinkle*, 189 Va. 1, 52 S. E. (2d) 135; *Hamilton* v. *Goodridge*, 164 Va. 123, 178 S. E. 874; *Hancock* v. *White Hall etc. Co.*, 102 Va. 239, 46 S. E. 288; 1 Am. Jur., Actions, § 96; 1 C. J. S., Actions, § 102; 87 A. L. R. 778.

This rule prohibiting the splitting of causes of action is a rule of justice based on principles of public policy. It exists for the benefit and protection of the defendant, is intended to prevent vexatious litigation, and to avoid the costs and expenses incident to numerous suits on the same cause of action. Hence, it is not altogether a rule of legal right but rather an equitable interposition of the courts to prevent a multiplicity of actions. Consequently, the defendant may waive or renounce the benefits of the rule by either expressly or impliedly consenting to separate suits on a single cause of action. Furthermore, such a waiver will be presumed unless timely and proper objection is made. *Fentress* v. *Pruden*, 185 Va. 461, 39

S. E. (2d) 240; *Shepherd* v. *Engineering Co.*, 184 Va. 802, 36 S. E. (2d) 531; *Jones* v. *Morris Plan Bank*, 168 Va. 284, 191 S. E. 608.

■ Since the controversy here involves only the application of the rule prohibiting the splitting of a cause of action, our first and primary inquiry is to determine the legal meaning of the term "cause of action." In Black's Law Dictionary (4th ed.) it is said that this term "may mean one thing for one purpose and something different for another," citing illustrative cases. See also, 1 C. J. S., Actions, § 8; 1 Am. Jur., Actions, § 2. However, without attempting to reconcile the definitions and refinements of the term as used in the numerous authorities, we hold for the purposes of this case that a "cause of action" accrues to any person when that person is first entitled to institute a proceeding for the enforcement of his legal rights. See *Seymour and Burford Corp.* v. *Richardson*, 194 Va. 709, 75 S. E. (2d) 77, and cases there cited.

The case of *Jones* v. *Morris Plan Bank, supra,* relied on by Gary and Kitchin, is not decisive of the issue now before us. In this case a finance company sued for and recovered a judgment for two installment payments which were due and payable on a note containing an acceleration clause and secured by a conditional sales contract for an automobile. Upon a subsequent default the car was repossessed and sold. The vendee then sued for conversion of the car, and on appeal this court held that all installments having matured at the time the action was instituted to recover for the two installments, those not embraced in that action were barred.

■ In the instant case it is not disputed that in the contract between Gary and Kitchin, the latter agreed that he would be liable and responsible for the damages sued for in both this case and the case of *Kitchin* v. *Gary*. It is also undisputed that the liability for damages was in both cases predicated upon the contract between Gary and Kitchin and that the damage arose out of a single event, the falling of the smokestack. However, the resulting injuries were inflicted upon two separate corporate claimants, Gary and Monsanto, which claimants were not in the same legal relationship to Kitchin. Immediately upon the happening of the accident a cause of action arose in favor of Gary against Kitchin for damages to its smokestack and at the same time a cause of action arose in favor of Monsanto against either Kitchin or Gary for damages to its property. As to the rights of a third party beneficiary, see Code, § 55-22;

*Horney* v. *Mason*, 184 Va. 253, 35 S. E. (2d) 78; 1 Michie's Jur., Contracts, § 81.

Kitchin was primarily liable for Monsanto's damages and Gary was secondarily liable therefor. If, therefore, Monsanto had proceeded against Kitchin rather than Gary and had recovered its damages from him, Gary would not have had the right to recover from Kitchin the amount of Monsanto's damages. But Monsanto elected to sue Gary and recovered a judgment for its damages. Upon the payment of that judgment—and not until payment of that judgment—a second cause of action arose in favor of Gary for reimbursement against Kitchin. *Thompson* v. *Miller*, 195 Va. 513, 79 S. E. (2d) 643, and authorities there cited.

We hold, therefore, that Gary's present claim constitutes a separate and distinct cause of action from that asserted in *Kitchin* v. *Gary*. Accordingly, the judgment is reversed, and since liability has been admitted, the case is remanded for a new trial on the issue of damages.

*Reversed and remanded.*