# CIRCUIT COURT OF FAIRFAX COUNTY

William Garu Fleming

v.

Jason T. Heinzelman

Martha Zadik

v.

Jason T. Heinzelman

January 16, 2001

BY JUDGE DENNIS J. SMITH

The Motions to Dismiss these cases were heard on Friday, September 15, 2000. The Court heard the argument of both sides and took the matter under advisement.

## I. *Procedural History*

On March 4, 1994, William G. Fleming and Martha Zadik were injured in an automobile accident that occurred in Fairfax County. Mr. Fleming and Ms. Zadik each filed suit in this Court on November 13, 1995, alleging that the negligence of Jason T. Heinzelman had proximately caused their injuries. Although State Farm Insurance Company had issued an insurance binder to Mr. Heinzelman on March 4, 1994, the same day as the accident, State Farm subsequently denied coverage to him and refused to defend him in these actions. Pursuant to Virginia Code § 38.2-2206(F), the plaintiffs served Travellers Insurance Company as the uninsured motorist carrier for the plaintiffs.

On July 26, 1996, this Court entered two Settlement Orders signed by Mr. McCormack, as the attorney for the plaintiffs, by Mr. Boccarosse, as the attorney for Travellers Insurance Company, and by Mr. Heinzelman, appearing *pro se*. Under the express terms of the Settlement Order, judgment was entered against Mr. Heinzelman in favor of Ms. Zadik in the amount of $25,000, plus costs, "subject to all the terms and conditions of the July 19, 1996, Settlement Agreement and Assignment."[1] Judgment was also entered against Mr. Heinzelman in favor of Mr. Fleming in the amount of $5,000, subject to the same terms and conditions. On August 16, 1996, both Settlement Orders were vacated at the request of the plaintiffs, defendant, and Travellers, and both cases were nonsuited and dismissed without prejudice.

On December 26, 1996, plaintiffs initiated new suits against Mr. Heinzelman for his alleged negligence on March 4, 1994. Although the motions for judgment requested service on Travellers Insurance Company, service of process was never paid for or performed by the plaintiffs. Accordingly, Travelers had no role in those cases. On December 27, 1996, Mr. Heinzelman executed Confessions of Judgment in favor of Mr. Fleming for $5,000, and in favor of Ms. Zadik for $25,000

According to the proffers made by counsel for the plaintiffs, Mr. Heinzelman confessed judgment in these cases pursuant to a Settlement Agreement and Assignment signed by the plaintiffs, through counsel, and by Mr. Heinzelman. Under the terms of this agreement dated December 27, 1996, Mr. Heinzelman assigned to the plaintiffs all of his rights and interests under the insurance binder issued to him by State Farm Insurance Company on March 4, 1994. In exchange, the plaintiffs agreed not to execute upon the judgments entered against Mr. Heinzelman, but to collect, if possible, from Mr. Heinzelman's State Farm liability insurance coverage. The agreement also provided that, if the Court determined that State Farm did not owe any coverage to Mr. Heinzelman, the parties would enter into a Consent Order vacating the judgments against Mr. Heinzelman and restoring the parties "to their respective positions in Law No. 147152 and Law No. 147153 as if this Settlement Agreement had never existed."

Final Orders were entered in Mr. Fleming and Ms. Zadik's cases on January 2, 1997. These Final Orders included the terms of the Confessed Judgments but did not set forth or refer to the terms of the Settlement Agreement and Assignment, nor did they reserve any authority to reopen the suits for any reason. On December 30, 1996, in a contemporaneous

---

[1] The Court cannot speak to the terms or implications of the July 19, 1996, Settlement Agreement and Assignment since it was not presented by the parties.

declaratory judgment action, this Court declared Mr. Heinzelman's insurance binder *void ab initio* due to material misrepresentations made on his insurance application.

On March 28, 2000, the plaintiffs initiated the instant actions. Travelers responded by filing motions to dismiss the pending suits on two grounds: (1) that they are barred by the doctrine of *res judicata* and (2) that they are barred by the applicable statute of limitations. In response, the plaintiffs have argued that since Travelers was not a party to the action in which Mr. Heinzelman confessed judgment against Mr. Fleming and Ms. Zadik, it has no standing to plead *res judicata* in this case. The plaintiffs also argue that since Mr. Heinzelman contractually waived his right to treat the confessed judgment actions as "preclusive former adjudications," he is estopped from asserting this defense in the instant actions. In response to the statute of limitations argument, the plaintiffs claim that the statutes of limitations on the instant cases were tolled when the plaintiffs filed their confessed judgment actions on December 27, 1997. (The confessed judgment actions were actually filed on December 26, 1997.)

## II. *Discussion*

In this case, conclusive personal judgments were rendered against Mr. Heinzelman in favor of the plaintiffs as reflected in the January 2, 1997, orders. These orders did not, however, incorporate the Settlement Agreement and Assignment that apparently formed the basis of the deal struck between the plaintiffs and Mr. Heinzelman. It is the terms of this Settlement Agreement that plaintiffs attempts to employ to reactivate the instant cases.

### A. *The Doctrine of Res Judicata*

Under the doctrine of *res judicata,* a valid, personal judgment on the merits bars the relitigation of the same cause of action, or any part thereof which could have been litigated by the same parties and their privies. *E.g. Bill Greever Corp. v. Tazewell Nat'l Bank,* 256 Va. 250, 254, 504 S.E.2d 854, 856 (1998). A judgment is on the merits when "it amounts to a decision as to the respective rights and liabilities of the parties, based on the ultimate facts or state of facts disclosed by the pleadings or evidence, or both, and on which the right of recovery depends. ..." *Storm v. Nationwide Ins. Co.,* 199 Va. 130, 134, 97 S.E.2d 759, 761 (1957) (quoting 50 C.J.S., *Judgments,* § 657, at 52).

Four elements must be present before res judicata can be asserted to bar a subsequent proceeding: "(1) identity of the remedies sought; (2) identity of the cause of action; (3) identity of the parties; and (4) identity of the quality

of the persons for or against whom the claim is made." *Wright v. Castles*, 232 Va. 218, 222, 349 S.E.2d 125, 128 (1986). In the instant cases, all four prongs are met. There can be no argument that valid, personal judgments have been entered against Mr. Heinzelman that compensate the plaintiffs for injuries they sustained as a result of the defendant's negligence on March 4, 1994. Plaintiffs, however, argue that since Travelers was not a party to the confessed judgment actions, it has no standing to raise the defense of *res judicata* in this action. This argument is incorrect. Travelers was not a party to the Settlement Agreement and Assignment, is therefore not bound by the terms of that agreement. As a served uninsured motorist carrier, it is free to assert any good faith defense to these claims, which would have otherwise been available to the defendant. See § 38.2-2206(F) of the 1950 Code of Virginia, as amended. Accordingly, by asserting a violation of the doctrine of *res judicata*, Travelers has pleaded an applicable and appropriate defense to the plaintiffs' claims.

Having ruled that Travelers is not estopped from raising the issue of *res judicata*, the Court finds that since the parties, causes of action, and remedies sought in the instant actions are identical to the confessed judgment actions filed and resolved by Final Orders entered on January 2, 1997, the plaintiff are hereby barred from re-prosecuting these claims. The cases are therefore dismissed with prejudice.

## B. *The Statute of Limitations*

In addition to its plea of *res judicata*, Travelers Insurance Company has also argued that this case is time barred by the applicable two-year statute of limitations.

The law governing the accrual of a cause of action involving a claim for personal injury is well established in Virginia. According to Virginia Code § 8.01-230, where an individual suffers injury to his body, the cause of action accrues on the date the injury is sustained. Section 8.01-230 of the 1950 Code of Virginia, as amended. If a plaintiff suffers a voluntary nonsuit:

> the statute of limitations with respect to such action shall be tolled by the commencement of the nonsuited action, and the plaintiff may recommence his action within six months from the date of the order entered by the court, or within the original period of limitation ... whichever period is longer.

Section 8.01-229 of the 1950 Code of Virginia, as amended. In these two cases, the cause of action accrued on the date of the automobile accident,

8

March 4, 1994. The initial suits, which were filed on November 13, 1995, were properly initiated within the appropriate two-year limitations period. These cases were subsequently nonsuited and dismissed without prejudice on August 16, 1996, and properly re-filed within the six month extension granted by Section § 8.01-229. On January 2, 1997, Final Orders were entered in each re-filed suit, granting judgments against Mr. Heinzelman in favor of each plaintiff. Since these Final Orders were not vacated, modified, suspended, or appealed within twenty-one days, the judgments rendered are final and conclusive. *E.g. Rook v. Rook*, 233 Va. 92, 95, 353 S.E.2d 756, 758 (1987); *see* § 8.01-229 of the 1950 Code of Virginia, as amended. Accordingly, any argument regarding the tolling of a statute of limitations in these cases is moot.