UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

C.F. TRUST, INCORPORATED,
  *Plaintiff-Appellee,*

v.

BARRIE M. PETERSON, Trustee,
  *Defendant-Appellant,*

and

NANCY A. PETERSON,
  *Defendant,*

CARNETT COMMERCIAL INVESTORS,
INCORPORATED; FIRST FLIGHT LIMITED
PARTNERSHIP,
  *Parties in Interest,*

BIRCHWOOD HOLDINGS GROUP,
INCORPORATED; BIRCHWOOD
ORGANIZATION, INCORPORATED;
MARYLAND AIR INDUSTRIES,
INCORPORATED; MARYLAND AIR
INTERNATIONAL, INCORPORATED,
  *Garnishees.*

No. 00-2232

C.F. Trust, Incorporated,
                *Plaintiff-Appellee,*

v.

Barrie M. Peterson, Trustee,
                *Defendant-Appellant,*

and

Nancy A. Peterson,
                        *Defendant,*

Carnett Commercial Investors,
Incorporated; First Flight Limited
Partnership,
                *Parties in Interest,*

Birchwood Holdings Group,
Incorporated; Birchwood
Organization, Incorporated;
Maryland Air Industries,
Incorporated; Maryland Air
International, Incorporated,
                        *Garnishees.*

No. 00-2233

C.F. Trust, Incorporated,
                *Plaintiff-Appellee,*

v.

Barrie M. Peterson, Trustee,
                *Defendant-Appellant,*

and

Scott W. Peterson; James G.
McClure; Jubal, Incorporated,
                        *Defendants.*

No. 00-2261

Appeals from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CA-96-264-A, CA-96-265-A, CA-97-2003-A)

Argued: June 4, 2001

Decided: July 10, 2001

Before LUTTIG, WILLIAMS, and MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

**ARGUED:** Benjamin C. Ackerly, Sr., HUNTON & WILLIAMS, Richmond, Virginia, for Appellant. Harvey Alan Levin, BIRCH, HORTON, BITTNER & CHEROT, Washington, D.C., for Appellee. **ON BRIEF:** John Charles Thomas, Peter S. Partee, HUNTON & WILLIAMS, Richmond, Virginia, for Appellant. Barbara A. Miller, BIRCH, HORTON, BITTNER & CHEROT, Washington, D.C., for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

The district court entered an order setting the amount of C.F. Trust, Inc.'s outstanding judgment balance against Barrie M. Peterson in his

individual capacity ("Peterson") and as trustee of a tract of land known as "Fortuna" ("the Peterson Trust") at $4,326,590.03. Peterson and the Peterson Trust now appeal. Finding no reversible error, we affirm.

I.

In 1995, C.F. Trust purchased two bank notes made by DEP, Inc., a corporation wholly owned by Peterson. The notes were guaranteed jointly and severally by Peterson, individually and as trustee for the Peterson Trust,[1] and Nancy Peterson.[2] The notes were secured by two deeds of trust which encumbered three separate properties: Elm Farm Mobile Home Park, an unimproved tract of land known as Pick-A-Pair, and Dominion Professional Center.

After DEP and the guarantors defaulted on the notes and subsequently failed to cure their defaults, C.F. Trust accelerated the obligations under the notes. DEP then filed for bankruptcy protection under Chapter 11.[3] On February 1, 1996, C.F. Trust obtained two judgments by confession on the notes in the Circuit Court of Prince William County, Virginia against the guarantors, who were not in bankruptcy, in the aggregate amount of $6,117,813.00.[4] In an attempt to vacate the confessed judgments, the Petersons removed them to the United States District Court for the Eastern District of Virginia where the actions were designated Civil Action Nos. 96-264-A and 96-265-A. The district court denied the Petersons' motion to vacate the confessed judgments, and this Court affirmed. *C.F. Trust, Inc. v. Peterson*, Nos. 96-1656, 96-1704, 1997 WL 393996 (4th Cir. July 15, 1997) (unpublished).

---

[1]All references to "Peterson" after this point refer collectively to Barrie M. Peterson in his individual capacity and as trustee of the Peterson Trust unless otherwise indicated.

[2]Nancy Peterson is married to Barrie M. Peterson but is not a party to this appeal.

[3]The Chapter 11 bankruptcy case was later converted to a Chapter 7 case.

[4]Both judgments accrued interest from the date of judgment at an annual rate of 9% "until payment." (J.A. at 182.)

In an effort to satisfy the judgments on the notes, C.F. Trust filed this action, Civil Action No. 97-2003-A, in the United States District Court for the Eastern District of Virginia on December 12, 1997, seeking to set aside the allegedly fraudulent conveyance of Fortuna from the Peterson Trust to James G. McClure and Barrie Peterson's son, Scott. After a bench trial, the district court entered judgment for C.F. Trust, thus setting aside the conveyance. On June 11, 1999, this action was consolidated with Civil Action Nos. 96-264-A and 96-265-A for purposes of enforcing the judgments that C.F. Trust had obtained in those two actions by selling the Peterson Trust's "undivided one-half tenancy-in-common interest in the Fortuna property." (J.A. at 37.) On August 16, 1999, the district court referred the case to a magistrate judge for preparation of a Report and Recommendation addressing "the amount of the outstanding judgment" and "the fair market value of [the Peterson Trust's] undivided one-half tenancy-in-common interest in the Fortuna property." (J.A. at 39-40.)

On March 28, 2000, after allowing the parties to conduct discovery and to submit memoranda on the issue of the amount of the outstanding judgment balance, the magistrate judge issued a thorough Report and Recommendation concluding that the outstanding judgment balance against Peterson was $4,326,590.03. In reaching this figure, the magistrate judge rejected several arguments raised by Peterson. First, the magistrate judge rejected Peterson's argument that C.F. Trust improperly deducted attorneys' fees "from the gross amount credited for the foreclosure sales" of Elm Farm, Pick-A-Pair, and Dominion Professional Center.[5] (J.A. at 48.) The magistrate judge found that "the notes and deeds of trust expressly allow [C.F. Trust] to recover attorneys' fees incurred in conducting a foreclosure sale" and that the amount of attorneys' fees sought by C.F. Trust were well below the amount that it was authorized to seek under the notes and deeds of trust. (J.A. at 53-54.) Second, the magistrate judge rejected Peterson's contentions that C.F. Trust improperly deducted certain costs and expenses of foreclosure from the gross proceeds attributable to the foreclosure sales. The magistrate judge reached this conclusion based

---

[5]C.F. Trust "conducted a foreclosure sale under the Elm Farm/Pick-A-Pair deed of trust on October 23, 1997," (J.A. at 47), and a separate "foreclosure sale under the [Dominion Professional Center] deed of trust on May 10, 1999," (J.A. at 51).

upon language in the notes and deeds of trust entitling C.F. Trust to recover all costs and expenses incurred in collecting the note and all costs and expenses incurred in the protection or enforcement of C.F. Trust's rights or remedies. Third, the magistrate judge rejected Peterson's claimed entitlement to a $1,113,378.76 credit based on C.F. Trust's voluntary reduction of its unsecured claims against the DEP bankruptcy estate to $2 million, as evidenced by the bankruptcy court's Final Report Order.[6] Contrary to Peterson's arguments claiming that the Final Report Order was res judicata as to the amount of C.F. Trust's unsecured deficiency claim, the magistrate judge found that C.F. Trust agreed to reduce its unsecured claim against the DEP bankruptcy estate in an effort to avoid litigation and did not agree to reduce the amount of DEP's underlying debt. Moreover, the magistrate judge found that C.F. Trust's "reduction of its unsecured claims against DEP's bankruptcy estate had no effect on [Peterson's] independent obligation as guarantor[ ] to pay the entire debt." (J.A. at 59.)[7] Peterson noted a timely objection to the magistrate judge's Report and

---

[6]Section 704 of the Bankruptcy Code requires the trustee to "make a final report and file a final account of the administration of the estate with the court and with the United States trustee." 11 U.S.C.A. § 704(9) (West 1993). As a result, "Chapter 7 cases come to an end in a final report indicating the distribution of proceeds from liquidated assets." *Matter of Wade*, 991 F.2d 402, 407 (7th Cir. 1993). As noted above, C.F. Trust agreed to reduce its unsecured claims against the DEP bankruptcy estate to $2 million in an effort to avoid litigation. Therefore, C.F. Trust did not object to the trustee's final report. Accordingly, the bankruptcy court entered the Final Report Order acknowledging the trustee's final report and awarding compensation and reimbursement for certain expenses incurred in administering the estate.

[7]As implied by the magistrate judge's findings, neither DEP's obligation, nor that of Peterson as guarantor, was discharged in bankruptcy. *See* 11 U.S.C.A. § 727(a)(1) (West 1993) (noting that only individuals may be granted a discharge in bankruptcy); *see also* 11 U.S.C.A. § 524(e) (West 1993) (stating that "discharge of a debt of the debtor does not affect the liability of any other entity on, or property of any other entity for, such debt"); *Matter of L & S Indus.*, 989 F.2d 929, 934-35 (7th Cir. 1993) ("Certainly, the interests of a principal and a guarantor are not clearly aligned: If the principal defaults, the guarantor is obliged to perform. It follows that a trustee, as a representative of a bankrupt principal, would also represent interests distinct from those of the guarantor.").

Recommendation.[8] After a de novo review of the magistrate judge's findings of fact and conclusions of law, the district court issued an opinion and order on August 11, 2000, which affirmed the magistrate judge's Report and Recommendation in all respects. Among other things, the district court found that the merger doctrine[9] did not prevent C.F. Trust from setting off its attorneys' fees, that "no reasonableness determination [was] necessary because the Notes themselves assign a reasonable [attorneys'] fee,"[10] (J.A. at 118), and that the Final Report Order setting C.F. Trust's unsecured claims against the DEP bankruptcy case did not affect the amount of the underlying debt or Peterson's liability as guarantor.

Peterson raises several arguments on appeal. First, Peterson argues that the district court erred in failing to give res judicata effect to the

---

[8]The magistrate judge also held that C.F. Trust correctly credited certain payments by Peterson to C.F. Trust against the outstanding judgment on the date the checks were received rather than, as Peterson asserted, on the date that the checks were written. Peterson does not challenge this holding on appeal.

[9]Under the merger doctrine,

> [t]he courts generally hold that a single or entire cause of action may not be divided or split so as to make it the subject of several actions, without the express or implied consent of the person against whom the cause of action exists. If an action is brought for a part of a cause of action, a judgment obtained in that proceeding precludes the plaintiff from recovering a second judgment for the residue of that cause of action.

*Gary Steel Products Corp. v. J.F. Kitchin*, 90 S.E.2d 120, 122 (Va. 1955). Here, there is no evidence that there has been a separate suit for attorneys' fees. Rather, C.F. Trust merely exercised its rights under the notes and deeds of trust and deducted attorneys' fees from the gross proceeds of the foreclosure sales before crediting the proceeds of foreclosure to the judgment. Like the district court, we find the merger doctrine inapplicable on these facts.

[10] The notes provided that DEP and the Petersons were liable for "attorneys' fees in the amount of 25% of the amount" due under the notes if C.F. Trust "retain[ed] or use[d] the services of an attorney in connection" with "preserving, perfecting or disposing of any of the Collateral." (J.A. at 175, 179.)

bankruptcy court's Final Report Order, which allowed C.F. Trust's deficiency claim at $2 million, or to the bankruptcy court's Dismissal Order.[11] Second, Peterson argues that the district court erred in permitting C.F. Trust to deduct its attorney's fees from the gross proceeds of foreclosure before crediting the proceeds to the outstanding balance of the judgments. Finally, Peterson contends that the district court erred in refusing to evaluate the reasonableness of C.F. Trust's attorneys' fees.

## II.

Because this appeal challenges only the district court's legal conclusions, our review is de novo. *Williams v. Sandman*, 187 F.3d 379, 381 (4th Cir. 1999). We have reviewed the record, briefs, and pertinent case law on this matter, and we have had the benefit of oral argument. Our careful review persuades us that the rulings of the district court were correct. Accordingly, we affirm the judgment in favor of C.F. Trust on the reasoning set forth in the district court's opinion. *See C.F. Trust, Inc. v. Peterson*, CA-97 2003-A, 96-264-A, and 96-265-A (E.D. Va. filed Aug. 11, 2000; entered Aug. 15, 2000).

*AFFIRMED*

---

[11]The bankruptcy court's Dismissal Order dismissed a complaint filed by DEP against C.F. Trust challenging the sufficiency of the Elm Farm Property foreclosure sale. The bankruptcy court held that DEP's complaint was "barred by *res judicata* in light of" the Final Report Order. (J.A. at 232.) In so holding, the bankruptcy court found that DEP's complaint attacked C.F. Trust's deficiency claim against DEP "and that deficiency claim, the amount that should be paid [from the bankruptcy estate] to C.F. Trust as well as to the other creditors was fully and finally resolved by the [Final Report Order], which approved the trustee's final report and account before distribution." (J.A. at 229.)